826   SUPREME COURT OF NEBRASKA,

Hamilton v. City of Omaha.    Perry v. Gross.

---

ARTHUR PERRY, PLAINTIFF IN ERROR, V. GUTHRIDGE G. GROSS, DEFENDANT IN ERROR.

1. **Civil Action to Recover Money Lost by Betting.** Sec. 214 of the criminal code, as amended in 1875, made any person who played at any game whatever for money or property, or who made any bet or wager with another, liable for money or property lost by such game, bet, or wager, and a civil action may be maintained against him to recover the same.

2. **Instructions** set out in the record, *Held,* Properly given; and instruction asked, *Held,* Properly refused.

3. **Constitutional Law:** TITLE TO ACTS. The title to "An act to amend section * * * 214 * * * of the criminal code, Chap. 58 of the General Statutes of 1873," *Held,* Sufficient to authorize an amendment to the section giving a right of recovery of money or property lost in gambling.

ERROR to the district court for Butler county. Tried below before POST, J.

*Matt Miller* and *J. R. Gilkeson*, for plaintiff in error.

*J. C. Robberts*, for defendant in error.

MAXWELL, J.

The defendant in error claims to have lost money by betting on a horse race, and brought an action against the plaintiff in error to recover the amount of such loss. He alleges in his petition: "That the plaintiff in error (defendant below) is indebted to him in the sum of $375, with interest at seven per cent from the 1st day of December, 1884, on account of a certain bet or wager which plaintiff had with defendant on or about the first day of October, 1884. For that on or about the first day of October, 1884, this plaintiff and defendant made and entered into a bet or wager upon the result of a horse race, in which transaction this defendant lost the sum of $375; that said bet or wager was had with defendant at or about the time above mentioned, in the state of Nebraska, and the said sum of $375 was lost by this defendant in and upon the said bet or wager which this plaintiff had with said defendant.

"There is now due on account thereof and thereby, from said defendant Arthur Perry to this plaintiff, G. G. Gross, the sum of $375 and interest from Dec. 1, 1884, no part of which said sum has been paid, although payment was demanded from and of said defendant by this plaintiff on or about the 1st day of October, 1884, and after the money was lost by this plaintiff, and defendant at the time and ever since has refused and still refuses to pay the same."

The answer is in effect a general denial. There is a large amount of testimony in the record, and a direct conflict therein. The defendant in error testifies positively that he made a bet of $375 with the plaintiff in error upon the horse race set out in the petition. This is denied by the plaintiff in error. The testimony is nearly equally balanced, but the weight of testimony seems to sustain the verdict.

In the argument of the cause objections were made to some of the instructions of the court, which instructions, in order to be understood fully, should be considered together. They are as follows:

"1st. In this action the plaintiff, Mr. Gross, sues the defendant, Mr. Perry, and seeks by this action to recover the sum of $375, and interest, which he alleges that he lost in a bet or wager on a certain horse race in the year 1884.

"2d. The defendant in his answer denies all the material allegations in plaintiff's petition. Under the issues thereof in this case the burden of proof is upon the plaintiff, hence before he can recover in this case he must produce a preponderance of testimony upon all the material issues.

"4th. All bets and wagers upon horse races are by law declared to be gambling contracts and therefore void. By section 214 of our criminal code it is provided as follows: ' If any persons shall play at any game whatever for any sum of money or other property of any value, or shall make any bets or wagers for any sum of money or other property of value, every person so offending shall be fined in any sum not exceeding $100, or imprisoned in the jail of the county not exceeding three months. *Provided further*, If any persons shall *lose* any money or property of any value at any game whatever, or on any bet or wager, such persons may recover the money or property so lost from the persons playing at such game, or from the person or persons with whom said bet or wager was had.'

"5th. You will have observed from the foregoing statement that the questions involved in this case are questions of fact, and that the principal or controlling question is, did the plaintiff make a bet or wager with the defendant on a horse race, and did he lose the sum of $375, or any other sum of money on such bet or wager? If you find for the plaintiff upon this issue, you will find a verdict in his favor, otherwise you will find for the defendant.

" 6th. Should you find that the plaintiff made a bet or wager with the defendant on account of which he lost any sum of money, then it would be entirely immaterial whether such race was fairly conducted or not. Nor is it material or proper for you to inquire into the question of who was the winner in the race. Nor would it in such case be at all material who got up or arranged for said race.

" 7th. The burden of preponderance of testimony does not necessarily depend upon the number of witnesses who have testified for the respective sides, nor are you required to accord to the several witnesses equal credibility. In determining this question, you are at liberty to take into consideration the intelligence of the witnesses, the reasonableness or unreasonableness of their stories, their means or opportunities for knowing the matters and things about which they testify, their interest, if any, in the result of your verdict, their relationship to the parties or the transaction involved. You should note their appearance and demeanor upon the witness stand before you, their candor and fairness while being examined, and say for yourselves what degree of weight or credit should be given to the testimony of the several witnesses.

" 8th. You are the judges of the credibility of the witnesses, and it is for you to say who should be believed and who should be disbelieved in case of conflict in their testimony.

" 9th. If you find for the plaintiff, you will return a verdict in his favor for the amount of money you find that he lost on a wager with defendant, on which you will allow interest at seven per cent per annum from the time such money was lost as claimed and proved by plaintiff."

No particular objection has been pointed out to these instructions, and they seem to state the law correctly.

The plaintiff in error asked the court to instruct the jury that, " Unless you find from the evidence that the

defendant made a bet or wager with the plaintiff on the result of a horse race, and that the money lost by the plaintiff on said bet or wager was turned over to or delivered to the defendant, you must find for the defendant."

The court refused to give such an instruction, and the refusal is now assigned for error.

In 1873 the legislature passed "An act to establish a criminal code." Sec. 214 of that act provided that, "If any person shall play at any game whatsoever, for any sum of money, or other property of any value, or shall make any bet or wager for any sum of money or other property of value, every such person shall be fined in any sum not exceeding $100, or be imprisoned in the county jail not more than six months." In 1875 this section was amended, as follows: "If any person shall play at any game whatever, for any sum of money or other property of any value, or shall make any bet or wager for any sum of money or other property of value, every such person shall be fined in any sum not exceeding $100 or be imprisoned in the county jail not more than three months; *Provided further*, That if any person shall lose any money or property of any value at any game whatsoever, or on any bet or wager, such person may recover the money or property so lost from either or all of the other persons playing at the game at which said money or property was lost, or from the person or persons with whom said bet or wager was had."

The statute last copied was in force when the cause of action in this case accrued. Under this statute any person who has lost any money or property at any game whatsoever, or on any bet or wager, may recover the same from either or all of the persons playing at the game, or from the person or persons with whom the bet or wager was made. The object of the law is to discourage gambling. Therefore, in addition to the penalties imposed for playing at any game for money or property, or for making any

bet or wager, the loser may bring an action against any person playing at the game, or with whom the bet or wager was made to recover what he had lost. It is not necessary to prove in such case that the person engaging in the game, or making the bet or wager, has received the stakes or any part thereof. The act of engaging in games of chance or making bets or wagers being declared an offense under the laws of the state, the title of the money or property does not pass to the winner, or those engaged in the game or bet, but remains the property of the actual owner. Therefore, the actual owner may bring an action against either or all of the persons who by a game of chance or wager obtained his property. There was no error, therefore, in refusing the instruction asked.

Objection is made to this amended statute, that it is unconstitutional and void, because not within the scope of the act establishing a criminal code. The title of the act is " An act to amend section 214, * * * of the criminal code, Chap. 58 of the General Statutes of 1873." It is claimed on behalf of the plaintiff in error that this is a civil right, and wholly inconsistent with punishment for a criminal offense. The object of the act, however, is to prohibit gambling, by imposing the additional penalty of requiring those who engage in such practice, by reasons of which persons lose money or property, to restore the same to the rightful owner. The title of the act is sufficient to authorize the legislature to make the amendment in question. The question here presented was before the supreme court of Illinois in *Larned v. Tiernan,* 110 Ill., 173, and the act was sustained. It is said (p. 178) : " The effect of the provisions in this section we are considering is to mulct the winner in the loss of his gains, and thereby it aids in effecting the general object of the act—the suppression of gambling." The statute was further amended in 1887, but the amended law is not applicable to this case.

There is no error in the record, and the judgment is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.