SIEMON GOEMANN v. STATE OF NEBRASKA.

FILED OCTOBER 31, 1913. No. 18,136.

1. Criminal Law: ARRAIGNMENT: WITHDRAWAL OF PLEA: DISCRETION OF COURT. The complaint in the preliminary examination for gambling, a misdemeanor, charged that the defendant committed the crime with three other persons, naming them. In the district court an information was filed charging that the defendant and two others of the three named in the complaint in the lower court committed the crime with the third party named, and correcting the allegation of the name of one of the parties. The defendant entered a plea of not guilty to the information as filed in the district court and demanded a separate trial. After-

Goemann v. State.

wards defendant asked leave to withdraw his plea of not guilty for the purpose of objecting to the variance between the information and the original complaint. *Held*, That it was not an abuse of discretion of the trial court to refuse to allow the plea to be withdrawn for such purpose.

2. ———: INSTRUCTIONS: JOINT INFORMATION: SEPARATE TRIAL. When three parties are jointly charged in an information for a misdemeanor in the district court and one of them demands a separate trial, it is not error to instruct the jury that the defendant is so charged, without naming the other parties charged with him.

3. ———: ———: ACCOMPLICE. The failure to caution the jury as to the evidence of an accomplice in a misdemeanor case, in the absence of a special request so to do, is not reversible error.

4. ———: ———: REASONABLE DOUBT. In an instruction as to reasonable doubt in a misdemeanor case, the statement that a reasonable doubt "is an actual substantial doubt arising either from the evidence or want of evidence in the case" is not erroneous.

5. Statutes: AMENDMENT: CONSTITUTIONALITY. Chapter 108, laws 1887, amended section 214 of the criminal code by adding a proviso "for the recovery of money or other property lost in gambling." A similar proviso was held valid in *Perry v. Gross*, 25 Neb. 826. It is not necessary to reconsider the question in this case, since it does not depend upon that proviso.

6. Criminal Law: ASSISTANT PROSECUTOR: APPOINTMENT: DISCRETION OF COURT. It is not an abuse of discretion of the trial court in a misdemeanor case to appoint a former prosecutor, who during his term of office began this prosecution, to assist the present prosecutor in the trial of the case, for the sole reason that such former prosecutor has prosecuted a civil suit against the defendant to recover for services of another attorney rendered in this case.

7. Gaming: SUFFICIENCY OF EVIDENCE. The evidence is examined, and found sufficient to support the verdict.

ERROR to the district court for Wayne county: ANSON A. WELCH, JUDGE. *Affirmed.*

*C. H. Hendrickson* and *H. E. Siman*, for plaintiff in error.

*Grant G. Martin, Attorney General,* and *Frank E. Edgerton, contra.*

SEDGWICK, J.

The defendant, who is plaintiff in error here, was convicted in the district court for Wayne county of the crime of gambling. He asks for a reversal of the judgment upon several grounds.

1. Complaint was filed in the county court charging that this defendant did on the 23d day of December, 1911, in the county of Wayne, and state of Nebraska, "unlawfully and feloniously play with Earl Moffit and George Ghenther and Sam Miller, at a game called 'draw poker' for money, to wit, $2, by means of a certain gambling device, viz., a pack of cards." The preliminary examination resulted in holding the defendant for trial in the district court, and in that court an information was duly filed charging defendant in substantially the same words, except that Ed Moffett was named instead of Earl Moffit. A similar information was filed in the district court charging the said Sam Miller with gambling by playing with the defendant and Ed Moffett and George Ghenther, and another information charging George Ghenther with gambling by playing with the defendant, Sam Miller and Ed Moffett. Afterwards the county attorney and Frederick S. Berry, a member of the bar, appeared in open court, together with the three defendants above named, and said Berry assuming to act as attorney for the three defendants, and agreed that the three cases should be consolidated and "information shall be filed against the defendants jointly." The county attorney then filed an information charging Siemon Goemann, Sam Miller and George Ghenther jointly with gambling by playing with Ed Moffett. Except as this information charged the defendants jointly, it was in substantially the same words as each of the former informations in the district court. "And thereupon the said defendants, being in court with their counsel, in open court waive service of copies of said information, time to plead thereto, and consented to immediate arraignment thereon; whereupon said defendants

were duly arraigned by the reading of said information to them, and each entered a plea of 'not guilty' thereto."

About a year later, the case having been several times continued because of the absence of witnesses for the state, and attorney Berry having withdrawn from the case, this defendant appeared by another attorney, and asked to withdraw his plea of not guilty, and tendered a plea in abatement, which alleged that the court was without jurisdiction because "no preliminary examination has been had as by law provided." In support of this proposition, it was alleged that the original complaint in the county court charged the defendant with gambling with Earl Moffit and George Ghenther and Sam Miller, and that in the information filed in this court it was alleged that Ed Moffett, George Ghenther and Sam Miller were the parties played with. There was no allegation, nor is there any evidence that shows that Earl Moffit and Ed Moffett are two different persons. On the other hand, it appears that the same person is intended, and that there had been in the county court a mistake in his name. The trial court refused to allow him to withdraw his plea for the purpose of taking advantage of this technicality. The case had been pending for a long time and was about to be put upon trial. There is no doubt of the right of a defendant in misdemeanor cases to waive such technicality, and it was apparently in his own interest; as well as in the interest of the state, that he should do so. We think that the trial court did not abuse his discretion in refusing to allow the withdrawal of the plea for such a purpose.

2. The court instructed the jury that the information charged that the defendant "did play a game of chance, called 'draw poker,' with said Ed Moffit for money, with a pack of cards, by betting money on the result of said game." This instruction is complained of because the information alleged and the proof tends to show that, not only the defendant played with Ed Moffit, but that also two other parties named in the information joined with

him in so doing. We think the instruction was right; although the three were jointly informed against, they were not necessarily tried together, and the guilt or innocence of one of them would not necessarily depend upon guilt or innocence of the others charged with them.

3. The court also instructed the jury: "And you may give to the testimony of one witness greater weight than you do to that of a greater number of witnesses, if you deem his testimony entitled to greater weight." It is conceded in the brief that "as an abstract proposition of law" this instruction is correct, but it is contended that one of the witnesses against the defendant was an accomplice, and that the court should have so informed the jury and should have told the jury that evidence of an accomplice should be closely scrutinized. We do not find that any instruction of this nature was requested by the defendant, and the evidence in the case is not of such a character as to create a necessity for such an instruction, so as to require a reversal on account of its omission, in the absence of any request for further instruction.

4. The instruction of the court defining a reasonable doubt is complained of. In that instruction the court said that a reasonable doubt "is an actual, substantial doubt arising either from the evidence or want of evidence in the case." The instruction is quite comprehensive, and, when considered as a whole, we do not think the language complained of was misleading.

5. It is contended that section 214 of the criminal code, as amended in 1887, is unconstitutional because it contains more than one subject, and "it is in effect amendatory of other sections and acts which it does not contain."

Sections 214 and 215 of the criminal code were amended by chapter 108, laws 1887. There was added to section 214 a proviso, "to provide for the recovery of money or other property lost in gambling," and the argument seems to be that this proviso is unconstitutional. A similar proviso was held to be valid in *Perry v. Gross*, 25 Neb. 826, and it is not necessary to reconsider the question in this

Goemann v. State.

case, because, even if the proviso should be found to be invalid, it cannot be found that this case depends in any way upon this proviso. This statute, as amended, has been treated as valid legislation when assailed upon other grounds. *Bowen v. Lynn,* 73 Neb. 215.

6. It is also contended that the court erred in overruling the objection to the appointment of A. R. Davis, special prosecutor in this case. The ground of this objection is that Mr. Davis represented the attorney Berry in an action which he brought against this defendant to recover attorney's fees for his services in the preliminary examination in this case. Mr. Davis, however, was county attorney at the time that the prosecution was begun, and conducted the preliminary examination for the state, and afterwards filed an information in the district court. His term of office having expired, the county attorney at the time of the trial requested the court to appoint Mr. Davis to assist in the prosecution, and we cannot find that there was any abuse of discretion on the part of the trial court in so doing.

7. The final contention is that the evidence is not sufficient to support the verdict. There is, however, no ground for this objection. Some of the parties who had been complained against testified that they were not playing poker, and were not playing for money, but were playing pitch. The evidence of Ed Moffett, who was in the game with them, was direct and positive, and was strongly supported by the officers who made the arrest and by other circumstances in the case. The question of the guilt of the defendant was for the jury, and, so far as we have found, was fairly submitted, and their verdict must be conclusive.

The judgment of the district court is

AFFIRMED.

BARNES, FAWCETT and HAMER, JJ., not sitting.