HOWARD CORNELL V. STATE OF NEBRASKA.
294 N. W. 851
FILED NOVEMBER 29, 1940.   No. 30851.

*Spillman & Ptak,* for plaintiff in error.

*Walter R. Johnson, Attorney General,* and *Rush C. Clarke,* contra.

Heard before SIMMONS, C. J., EBERLY, PAINE, CARTER, MESSMORE and JOHNSEN, JJ.

JOHNSEN, J.

Plaintiff in error, referred to herein as the defendant, was convicted of receiving stolen property, and was sentenced to the state penitentiary for a term of four years. The information charged that he had received and purchased "1 Firestone 700-17 tire, with tube, and one 1939 Ford V-8 truck wheel attached," of the value of $41.75, the property of a third party, knowing it to have been stolen, and with intent to defraud the owner.

Defendant operated a new and second-hand goods store in the city of Norfolk. The state's evidence showed that on January 21, 1939, about 6:30 p. m., a 22-year-old youth named Fischer and a 17-year-old lad named Luikens drove out to a sales barn near the edge of the city and removed a spare tire and wheel from the side of a parked truck. They

then drove to defendant's store and attempted to sell the property to him. He stated that he would be willing to buy it, if they would return later in the evening. They then hid the property in a culvert outside the city until about 8:30 p. m., when they brought it to defendant's back door. After parking their car, they came back to the store, and defendant paid them $5 for the articles. In response to an inquiry by defendant, they told him that they had stolen the property from a Ford truck.

There was evidence also that, both before and after the transaction involved, defendant had purchased other articles from Fischer and Luikens, which they told him had been stolen, including two wheels and tires, two yellow fog lamps and two pairs of ice shoe skates. Fischer further declared that defendant had suggested that he could use eight or ten tires for Model A Fords, and Luikens testified that defendant had offered to purchase any property they might steal, but that he preferred tires for Model A Fords. The wheel here involved was taken to defendant's basement, where the tire was taken off, the serial number buffed out, and the wheel repainted. The paint was still wet when the wheel came into the possession of the police.

We shall not attempt to detail the evidence further, nor to set out the testimony which was offered in defendant's behalf. It is sufficient to say that a careful reading of the record shows that it abundantly supports the conviction.

Defendant complains of the failure of the trial court to give a cautionary instruction as to Fischer's and Luiken's testimony, citing *Millslagle v. State*, 137 Neb. 664, 290 N. W. 725, where we held: "In the ordinary case, even though the accomplice may have been guilty of a conscious falsehood on a material matter, and even though his testimony is lacking in corroboration, it may not be utterly unworthy of belief on its face, and, in such a situation, the rights of an accused will be adequately protected if the jury are instructed that the testimony of an accomplice should be scrutinized closely for possible motives for falsification, and that where he has wilfully sworn falsely in regard to a ma-

terial matter they should be hesitant to convict upon his testimony, without corroboration, and that in no case should they convict unless they are satisfied from the evidence, beyond a reasonable doubt, of the guilt of the accused."

If a thief can be considered the accomplice, within this rule, of one who afterwards knowingly receives the stolen property, defendant is confronted with the situation that he made no request for such an instruction. In *Goemann v. State*, 94 Neb. 582, 143 N. W. 800, it was held: "The failure to caution the jury as to the evidence of an accomplice in a misdemeanor case, in the absence of a special request so to do, is not reversible error." While the offense involved in that case was a misdemeanor, we see no sound distinction between a misdemeanor and a felony in the application of the principle. We have said, in *Ruzicka v. State*, 137 Neb. 473, 289 N. W. 852, quoting from *Holmgren v. United States*, 217 U. S. 509, 30 S. Ct. 588, 54 L. Ed. 861, that "It is undoubtedly the better practice for courts to caution juries against too much reliance upon the testimony of accomplices, and to require corroborating testimony before giving credence to them." But this does not mean, as *Goemann v. State, supra,* indicates, that the defendant is entitled to a reversal, where he has failed to request such an instruction. We quote further from the opinion in that case: "We do not find that any instruction of this nature was requested by the defendant, and the evidence in the case is not of such a character as to create a necessity for such an instruction, so as to require a reversal on account of its omission, in the absence of any request for further instruction."

Defendant's next contention is that it was prejudicial error to admit in evidence a previous statement of the witness Stanley Allison, when he surprised the state by testifying that he had no knowledge of the transaction between defendant and Fischer and Luikens and was not present when it occurred. In a written statement taken by the chief of police before the trial, he had declared that he was in the store at the time the deal was made; that defendant had

instructed him to take the wheel to the basement of the store, remove the tire and paint the wheel; that he and another party did so and also buffed off the number from the tire with a soldering iron. The rule is well settled, both in civil and in criminal cases, that "Where a witness, previous to the trial, has made a written statement, duly signed, favorable to the contention of the party calling him, and when called as a witness testifies to an entirely inconsistent state of facts, counsel should be allowed to introduce his previous statement to refresh his memory, or to probe his conscience, as well as to show to the court and the jury the reasons which induced him to call such a witness to the stand." *Mason v. Reynolds*, 135 Neb. 773, 284 N. W. 257. See, also, *Crago v. State*, 28 Wyo. 215, 202 Pac. 1099. The previous written statement of Allison was therefore both competent and material.

The next assignment of error argued is that the trial court abused its discretion in refusing to grant defendant a continuance. The record indicates that, on a trial of the case at a previous term of court, the jury had disagreed. This was in April, 1939. The court at that time set the matter as the first case to be tried at the jury term commencing October 2, 1939. On September 25, 1939, the court formally assigned the case for trial on October 2, and the clerk sent a notice thereof through the mail to defendant's attorney. Defendant's affidavit in support of his application for a continuance shows that at that time he was represented by other counsel, who called him in the afternoon of September 29, 1939, by telephone, and advised him that the case would be for trial on October 2; that this was the first knowledge he had of this fact; that his attorney demanded a fee for the retrial which he was unable to pay; that he then spent the rest of the afternoon and the next day, which was Saturday, trying to employ another lawyer and finally succeeded in getting his present counsel; that the remaining time before trial was insufficient to permit his attorney to familiarize himself with the case, to obtain a transcript of the testimony on the former trial, or to inter-

view the witnesses. The trial court denied the application for a continuance and required defendant to proceed with the trial at one o'clock p. m., on October 2.

The trial lasted two days. The testimony of the witnesses was comparatively simple, and no particularly difficult questions of law were involved. The manner in which the examination and cross-examination of witnesses were handled by defendant's counsel shows that there could not have been any prejudice to his rights from the refusal to grant a continuance. "An application for a continuance is addressed to the sound discretion of the trial court and its ruling thereon will not be held erroneous, unless an abuse of discretion is disclosed by the record." *Kerr v. State,* 63 Neb. 115, 88 N. W. 240.

We have already indicated that the evidence was sufficient to require the submission of the case to the jury and to support a conviction. Further discussion of defendant's contentions on the various phases of the evidence is therefore unnecessary. We may add the comment in passing, however, that the general identification of the stolen property as that which was sold to defendant was in our opinion sufficient to permit its introduction in evidence in the state's case in chief, but that we certainly would not in any event reverse a conviction on such a ground, after the defendant, as here, has himself gone on the stand and admitted that the exhibits offered were those which he had purchased from the thieves.

Defendant complains that the sentence of four years is excessive. We are of the opinion that, on the facts in the record, the sentence should be reduced to two years, and, as thus modified, the judgment of the trial court should be affirmed.

AFFIRMED: SENTENCE REDUCED.