## STATE OF NEBRASKA, v. HUGH M. BUTCHER.

### FILED MARCH 27, 1920. No. 21253.

1. **Chattel Mortgages:** SALE OF PROPERTY: PENALTY. Section 534, Rev. St. 1913, subjects each and every person who violates the provisions thereof, and thereby depriving the mortgagee of his mortgage security to his injury, to the punishment therein provided.

2. ———: ———: PROSECUTION: DEFENSE. In a prosecution under said section, the accused may show as a defense that the full value of the mortgaged chattel has been turned over to the mortgagee in payment in whole or in part of the mortgage debt, or that the mortgage debt has been paid.

3. ———: ———. The foregoing statute makes the inhibited act constitute the crime.

4. **Information:** SALE OF MORTGAGED CHATTELS. An indictment in the language of the statute is sufficient. The law was enacted to prevent the fraudulent transfer of mortgaged chattel property.

ERROR to the district court for Merrick county: FREDERICK W. BUTTON, JUDGE. *Exceptions sustained.*

*Walter R. Raecke* and *John C. Martin,* for plaintiff in error.

*Elmer E. Ross, contra.*

ALDRICH, J.

The defendant was charged with violation of section 534, Rev. St. 1913, which section reads as follows: "Any person who, after having conveyed any article of personal property to another by mortgage, shall, during the existence of the lien or title created by such mortgage, sell, transfer, or in any manner dispose of the said personal property, or any part thereof so mortgaged, to any person or body corporate, without first procuring the consent, in writing, of the owner and holder of the debt secured by said mortgage, to any such sale, transfer, or disposal, shall be deemed guilty of a felony,

and, upon conviction thereof, shall be fined in any sum not less than one hundred dollars, or imprisoned in the penitentiary for a term not less than one year nor more than ten years, or both.''

Defendant pleaded not guilty, and at the close of the evidence on behalf of the state, upon motion of counsel for defendant, the trial court instructed the jury to render a verdict finding defendant not guilty. The state brings this petition in error to have decided the question of law involved in the trial court's ruling.

It appears that defendant gave a mortgage to the Central City National Bank on a certain manure spreader, and that defendant sold the spreader at a public sale. The clerk of the sale was president of the mortgagee bank, and as clerk received the proceeds of the sale of the spreader. The record is not clear on whether the clerk gave express oral consent to this sale, but there was either oral consent in so many words or acquiescence by remaining silent. Defendant bought a team of horses at the sale, and the clerk turned the proceeds of the spreader over to the party selling the horses, knowing at the time that the mortgaged spreader had been sold. The bank has since been unable to collect the full amount of the mortgage debt, and defendant has boasted that he ''got the tin.''

The doing of the inhibited act constitutes the crime. The statute was enacted to prevent the fraudulent transfer of mortgaged chattel property.

An examination of the history of this statute to its present form clearly indicates the purpose of the legislature to be the protection of the mortgagee in his security, and to permit him to have the full value of the chattel property applied to the mortgage debt. Prior to the present enactment the offense consisted in the selling of the mortgaged property without the consent of the mortgagee; the present statute being that the consent to the sale by the mortgagee must be in writing. It is clearly within the province of the legislature

to enact the law in its present form, and this act has been held to be constitutional in *State v. Heldenbrand,* 62 Neb. 136. Instances can well be perceived in which a mortgagor, acting in good faith and selling the mortgaged property without written consent, might find himself within the inhibited letter of the law, and yet his act in disposing of the property may not have resulted in any injury or damage to the mortgagee. Thus, if on oral consent the mortgagor sold the property at its fair value and immediately turned the proceeds of the sale to the mortgagee, it would seem that the mortgagee was not deprived of any right, the purpose of the mortgage being to secure the mortgage debt to the extent of the value of the property, and the law, so far as its purpose was concerned, would be completely vindicated. The state would have no purpose in a prosecution to sustain a mere technical violation of the law, the result of which has harmed no one in his property, or the good morals of the citizens of the state. Under this statute the state makes out a *prima facie* case when it has established beyond a reasonable doubt the execution and delivery of a valid chattel mortgage, and the sale of the chattel mortgaged property during its life without the written consent of the mortgagee. But, if it be shown by the mortgagor that the full value of the mortgaged chattel has been turned over to the mortgagee in payment in whole or in part of the mortgage debt, the defense thus established would be complete. It is not the policy of the law that the state should be put to the expense of a prosecution or become a means of enabling a mortgagee, who might be actuated by some revengeful motive, to prosecute a case under this statute where a technical violation only has been established, and where the mortgagee has not been wronged or injured in his mortgage security. In the instant case, the proof fails to disclose that the defendant turned over the proceeds of the sale. In fact, the testimony shows that the mortgagor received the money and thereafter boasted that "he got

the tin.'' Under the interpretation which we have given
to this statute, and the facts developed upon the trial,
we think the court erred in directing the jury to return
a verdict of not guilty.

Under section 534, Rev. St. 1913, an indictment in the
words of the statute is sufficient. The statute in ques-
tion contains all the elements of the crime for which it
is sought to provide punishment. The offense is purely
statutory. The criminal act charged is made to consist
in doing the things which the statute inhibits and makes
their commission a crime. Hence, the law does not pro-
vide for criminal intent as being an essentially concomi-
tant ingredient of the crime.

We recognize the necessity of enforcing the property
rights of a mortgagee. He should receive ample protec-
tion against fraud, annoyance and unnecessary expense.
The question of guilt should turn upon whether or not
the mortgagee has in fact been injured by the mortga-
gor.

Exceptions to ruling on motion are

SUSTAINED.

LETTON, J., not sitting.