CHARLES YOUNG v. STATE OF NEBRASKA.

FILED OCTOBER 19, 1934. No. 29203.

*Fradenburg, Stalmaster, Beber & Klutznick,* for plaintiff in error.

*Paul F. Good, Attorney General,* and *Paul P. Chaney, contra.*

Heard before Goss, C. J., Rose, Good, Eberly, Day and Paine, JJ., and Redick, District Judge.

Paine, J.

From conviction upon an information charging an intent to wound, plaintiff in error brings the judgment to this court.

An information was filed against plaintiff in error, hereinafter called the defendant, containing two counts; one charging him with unlawfully, maliciously, and feloniously shooting one Leroy Jones with intent to kill, and the second count charged him with unlawfully, maliciously, and feloniously shooting one Leroy Jones with intent to wound.

When arraigned he entered a plea of not guilty, and the jury returned a verdict, finding defendant not guilty on count 1, but finding him guilty on count 2, and upon the overruling of a motion for a new trial he was sentenced to three years at hard labor.

While the motion for a new trial sets out 20 errors, the defendant in his brief argues but two of these. We will first consider the objection that the court erred in refusing to admit evidence of threats made by the complaining witness against the defendant.

It is found in the evidence: "Q. 513. Had you ever had any conversation with Officer Jenkins before? A. I had a conversation with Officer Jenkins about a pair of gray palm beach pants in my shop. Q. 514. Who did they belong to? A. To Mr. Jones. Mr. Nye: When was that? Q. 515. When was that? A. About the first of June. It was in June. Q. 516. All right, now tell about it. A. He came in—(interrupted). Mr. Nye: Objected to, your Honor, as entirely too vague, uncertain, and immaterial. The Court: Sustained. Defendant excepts. Mr. Caldwell: Defendant offers to show by this answer that the defendant would testify that detective Jenkins came to

the defendant's shop about in the month of May or June, 1933, and told defendant that he, meaning Young, had better keep out of Jones' way, because he, Jones, was going to cause him trouble. Mr. Nye: Objected to as entirely too vague, uncertain, and immaterial. The Court: Sustained. Defendant excepts."

The defendant insists that the shooting was done in self-defense, and that, having heard threats, he was in fear for his bodily safety, and had only acted in self-defense, and that the refusal to allow the admission of this evidence was reversible error. This requires an examination of question No. 516, and the objection to it as too vague, uncertain, and immaterial. The general rule is that the question asked should be specific, and not so indefinite as to fail to put the adverse party on notice of the testimony sought to be elicited. There was nothing in the question to which the objection was sustained which indicated any threat at all. The trial judge is permitted a wide discretion in allowing testimony in the narrative form. It often speeds up the trial of a case very materially to permit it up to that point at which objection is made. When the objection had been sustained in the case at bar, the defendant's counsel did not go further and ask definite, pertinent questions upon which to properly found his offer to prove. Only in the offer to prove is it disclosed that Jenkins told the defendant to keep out of Jones' way. This was simply a conclusion of the defendant that what Jenkins had said was that Jones was going to cause him trouble. Such evidence was purely hearsay, and in the form in which the foundation was laid in question No. 516 there was no error in sustaining the objection to the question and rejecting the offer to prove. This is not saying that, if further questions had been asked, and a clear and definite foundation laid, the matter might not have been admissible. *Pumphrey v. State,* 84 Neb. 636, 23 L. R. A. n. s. 1023, 18 Ann. Cas. 979; *Finnegan v. United States,* 231 Fed. 561; *Roberson v. United States,* 284 Fed. 503.

The other assignment of error urged by defendant's counsel with vigor was that the intent to wound, as charged in the second count, was not supported by any evidence. It is true that the intent of the defendant must be proved to sustain conviction, and it is equally true that intent may be shown by circumstantial evidence, which facts and circumstances include the assault itself. It has been held from the earliest times that every sane man is presumed to intend the usual and probable consequences of his acts. From the evidence the jury could have decided that the defendant shot first, as there is evidence on the part of the state to indicate that it was not until after the first shot had been fired that Jones drew his gun from his pocket. The defendant admitted that he was simply shooting at Jones for the purpose of striking him in the arm to stop him from shooting. The evidence clearly indicates that after Jones had fallen to the sidewalk the defendant shot several more bullets into him until he emptied his revolver, while Jones had only shot three cartridges from his revolver. The question of intent was a question for the jury, and if the defendant pointed his gun at Jones and pulled the trigger, and the bullet hit Jones, the man he pointed it at, and after Jones was down defendant pointed his gun and pulled the trigger and shot several more bullets into him, these acts on his part would seem to the court to establish what his intention was. It can be said in this case that the acts and circumstances are of such a character as to exclude every rational hypothesis except the existence of a specific intent to wound on the part of the defendant. *Krchnavy v. State,* 43 Neb. 337; *Garrett v. State,* 110 Neb. 118; *Swartz v. State,* 121 Neb. 696. For an exhaustive note on intent, see 11 Neb. Law Bulletin, 453.

We have examined the record and, finding no reversible error, the judgment and sentence of the trial court are hereby

AFFIRMED.