LYLE KNAPP V. STATE OF NEBRASKA.

299 N. W. 223

FILED JUNE 27, 1941. No. 31168.

*Leon A. Sprague,* for plaintiff in error.

*Walter R. Johnson, Attorney General,* and *Don Kelley, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, CARTER, MESSMORE and YEAGER, JJ.

YEAGER, J.

This is a criminal action instituted in the name of the state of Nebraska, hereinafter called the state, wherein Lyle Knapp, plaintiff in error, hereinafter referred to as defendant, was prosecuted in the district court for Nuckolls county, Nebraska, for the crime of unlawfully selling mortgaged personal property.

The information charges that the defendant, on the 12th day of June, 1940, in the county of Nuckolls and state of Nebraska, being the owner of a 1939 Ford coupé automobile, mortgaged the same to the Farmers State Bank, Superior, Nebraska, for the sum of $300; and that thereafter, on or about July 1, 1940, during the existence of the lien of the mortgage, he unlawfully and feloniously, and without having first procured the consent in writing of the Farmers State Bank, sold the automobile.

The case was tried to a jury with the result that the defendant was convicted of the charge filed against him. A motion for new trial and an amended and supplemental motion for new trial were filed, both of which were overruled, whereupon defendant has brought the case here on petition in error for review.

There are several assignments of error. However, after careful examination of the bill of exceptions, we conclude that but one of them requires discussion in this opinion. In this assignment it is urged that the court erred in sustaining the state's objections to the defendant's offer of testimony to be given by the witnesses Minor Baird, Mildred Miller and Lyle Knapp.

The material testimony admitted by the court is, for the most part, not in dispute. The evidence shows, without contradiction, that the defendant executed and delivered the chattel mortgage as charged, and that he sold the automobile during the existence of the lien of the mortgage.

As defenses to the charge, the defendant sought to prove (1) that the bank permitted the defendant to sell cars without its written consent, and had permitted such practice for a period of more than a year, and (2) that the bank gave oral permission to sell the particular automobile, that the proceeds of the sale had been turned over to it, and it had been paid in full. The first of these defenses may be disregarded here since no authority of this court has been cited, and none found, holding that mere business custom short of oral permission to sell the mortgaged chattel, coupled with payment to the mortgagee, is a defense to a charge of unlawful sale of mortgaged chattel property.

As to the second proposition, this court has held that oral consent by the mortgagee to the sale of mortgaged chattels, coupled with payment to the mortgagee of the value of the property, is a defense. *State v. Butcher,* 104 Neb. 380, 177 N. W. 184; *Fiehn v. State,* 124 Neb. 16, 245 N. W. 6.

The defendant insists that he was prevented from adducing on the trial the evidence in support of this defense. He urges that he was restricted in the cross-examination of wit-

nesses for the state, and was not permitted to introduce the evidence of the defendant on this proposition.

Minor Baird was called as a witness for the state, and with reference to the note secured by the chattel mortgage in question the bill of exceptions contains the following questions and answers: "Q. Was there anything paid to your bank on this note, Mr. Baird, prior to July 1, 1940? A. No. Q. Or prior to July 5, 1940? A. No. Q. Has anything been paid on it? A. Not by Knapp. * * * Q. What if anything has the defendant, Lyle Knapp, paid on this note? A. Nothing." On cross-examination the witness was asked: "Q. There was money paid to you after July 1, 1940, by Knapp on his indebtedness in that bank, wasn't there?" The following objection was made and sustained: "Plaintiff objects as immaterial in the state of the evidence." Following the ruling the defendant offered to prove by the witness that the defendant paid to the bank, after the date of the sale and before the inception of the criminal action, the balance due on the note. As such, the offer was unnecessary since it was cross-examination, but it did serve to acquaint the court with the purpose of the inquiry. Objection was made to the offer on the ground that it was incompetent, irrelevant and immaterial and not proper cross-examination. The objection was sustained. Certainly this was proper cross-examination and it was material to the defense made by the defendant.

Coming now to the testimony of the defendant wherein he sought to testify with relation to the claimed oral permission to sell the car in question, the defendant was asked: "Q. I will ask you whether or not you had the oral permission of the Farmers State Bank of Superior, Nebraska, to sell that car at that time?" The state made the following objection which was sustained: "Plaintiff objects as incompetent, irrelevant and immaterial, not constituting a defense." The defendant then made the following offer of proof: "Comes now the defendant and offers to prove by the witness on the stand that he had the oral permission of the Farmers State Bank of Superior, Nebraska, to sell the car in question, and

which the state claims is the mortgaged property the defendant sold, and that the proceeds from sale were turned over to the Farmers State Bank and they were paid in full for said note and mortgage." The following objection was made to the offer: "Plaintiff objects as incompetent, irrelevant and immaterial, not constituting any defense." It will be noted that there was no objection that the offer was broader than the question.

The state urges, on the authority of *Young v. State*, 127 Neb. 719, 256 N. W. 908, that the question involved here is so lacking in relevancy and competency as not to become a foundation for an offer of testimony. In the opinion in that case it was stated: "The general rule is that the question asked should be specific, and not so indefinite as to fail to put the adverse party on notice of the testimony sought to be elicited." Measured by the pattern thus presented, the court and the state were, by the question, unaided by the offer, given unmistakable notice that the defendant was seeking to prove one of the components of the defense of oral permission and payment of the debt secured by the mortgage. In the brief it is urged that the question represented a conclusion of the defendant. This, as has already been indicated, is not the objection which was made on the trial of the case.

Clearly, by this ruling, the defendant was deprived of the right to make a defense to the charge upon which he was being tried, and which defense is recognizable under the law of this state.

The verdict and sentence of the district court are vacated and set aside and the cause is remanded for a new trial.

REVERSED.