STATE OF NEBRASKA, APPELLEE, v. MARY BROWN, APPELLANT.

118 N. W. 2d 332

Filed November 30, 1962. No. 35224.

Thomas P. Lott, for appellant.

Clarence A. H. Meyer, Attorney General, and Harold Mosher, for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

BOSLAUGH, J.

The defendant, Mary Brown, was convicted of robbery under section 28-414, R. R. S. 1943. Her motion for new trial was overruled and she has appealed to this court.

This case is a companion case to No. 35220, *ante* p. 387, 118 N. W. 2d 328. The defendant was charged jointly

with Norma Levering and Victoria Levering. There was a joint trial in the district court. Victoria Levering and Norma Levering filed a separate notice of appeal which was docketed in this court as No. 35220. Since the appeals have been briefed and argued separately, they will be disposed of by separate opinions.

The assignments of error which require consideration are that the evidence is not sufficient to sustain the conviction; that the trial court erred in admitting certain evidence and in giving and failing to give certain instructions; and that the sentence is excessive.

There was evidence from which the jury could have found that Norman L. Runyon, the complaining witness, together with Norma Levering and Victoria Levering, met the defendant at 1407 Cass Street in Omaha, Nebraska, shortly after 1 a.m., on March 25, 1961; that about 30 minutes later, as Runyon was leaving 1407 Cass Street, the defendant with Norma Levering and Victoria Levering "jumped" him when he was outside the door; that they grabbed him and started whipping his clothes off; that he had about $60 in bills in his right-hand pocket and about $400 in a billfold in his back pocket; that the defendant took the billfold out of his back pocket; and that Norma Levering had her hand in his other pocket while Victoria Levering was hitting him. In addition to being beaten with fists, Runyon was struck with a sharp object. When the fight was over, everything, including his car keys, had been removed from Runyon's pockets. Runyon then walked to the police station and reported the robbery. From there he was taken to a hospital and treated for bruises and lacerations about the face and head.

The defendant argues that the evidence was insufficient in that there was no evidence of an "intent to rob or steal" on the part of the defendant as required by the statute, section 28-414, R. R. S. 1943. The law does not require independent evidence of the specific intent required. Krchnavy v. State, 43 Neb. 337, 61

N. W. 628. The intent with which an act is done is purely a mental process and difficult to establish by direct proof. It is generally a conclusion that must be drawn after a consideration of the actions of the defendant viewed in the light of all surrounding circumstances. Hoffman v. State, 164 Neb. 679, 83 N. W. 2d 357. Intent may be inferred from the nature of the act itself and the circumstances surrounding it. Young v. State, 127 Neb. 719, 256 N. W. 908. The evidence in this case was sufficient for the jury to find that the defendant took the money from the person of Runyon with intent to rob or steal.

There was evidence that the defendant had been drinking before the robbery occurred. That was a circumstance which the jury could consider in determining whether the defendant had the specific intent required by the statute. The trial court properly instructed the jury that evidence of excessive intoxication by which a party is wholly deprived of reason may be considered for the purpose of determining whether such party is capable of entertaining the specific intent charged. Tvrz v. State, 154 Neb. 641, 48 N. W. 2d 761.

The trial court also instructed the jury as to aiders and abettors. The defendant complains that this was error in that the jury might have found the defendant guilty as an aider and abettor without finding that she had the specific intent required by the statute. Other instructions given by the trial court covered the matter of the specific intent required by the statute. The instructions when considered as a whole are not subject to the criticism made by the defendant. Instructions must be considered as a whole in determining whether a particular instruction or a part thereof is prejudicial. Schluter v. State, 153 Neb. 317, 44 N. W. 2d 588.

The State offered in evidence the clothing which Runyon was wearing at the time the robbery occurred. If the clothing which the complaining witness was wearing at the time the crime was committed has evidentiary

value it may be received in evidence. Miller v. State, 169 Neb. 737, 100 N. W. 2d 876; MacAvoy v. State, 144 Neb. 827, 15 N. W. 2d 45. In this case the clothing was of evidentiary value in that it tended to prove the force and violence with which the robbery was committed. The exhibits were properly identified and received in evidence.

The defendant complains that the trial court should have given a cautionary instruction in reference to the testimony of accomplices. The defendant did not request that such an instruction be given. The general rule is that the trial court is not required to give a cautionary instruction in the absence of a request. Miller v. State, 173 Neb. 268, 113 N. W. 2d 118. It is the better practice for a trial court to give a cautionary instruction on the testimony of an accomplice, but a failure to do so is not reversible error unless such an instruction was requested. Cornell v. State, 138 Neb. 708, 294 N. W. 851.

The State did not rely upon the testimony of an accomplice in this case but several witnesses testified, without objection, to statements that Victoria Levering, Norma Levering, and the defendant made after the robbery had occurred. The trial court instructed the jury that it should consider the guilt or innocence of each defendant separately, and that evidence relating to one defendant alone could not be considered against the other defendants.

The defendant complains that her sentence to 4 years imprisonment in the Nebraska Reformatory for Women is excessive. The statute provides a penalty of not less than 3 years and not more than 50 years imprisonment in the penitentiary. § 28-414, R. R. S. 1943. The sentence which was imposed is very near the minimum sentence prescribed by the statute. Any evidence that was presented to the trial court at the time of sentencing was not preserved in the bill of exceptions. Where the sentence imposed is within the limits authorized by statute, the sentence will not be disturbed in the absence of an

abuse of discretion. Olney v. State, 169 Neb. 717, 100 N. W. 2d 838. The record in this case does not establish that the sentence imposed by the trial court was an abuse of discretion.

The judgment of the district court is correct and it is affirmed.

AFFIRMED.