MAYES v. UNITED STATES.
No. 13939.

United States Court of Appeals
Eighth Circuit.

Oct. 20, 1949.

William K. Stanard, II, St. Louis, Mo. (appointed by the Court), for appellant.

W. H. Gregory, Assistant United States Attorney, Little Rock, Ark. (James T. Gooch, United States Attorney, Little Rock, Ark., on the brief), for appellee.

Before GARDNER, Chief Judge, and WOODROUGH and COLLET, Circuit Judges.

WOODROUGH, Circuit Judge.

This appeal is taken in forma pauperis by Henry Leslie Mayes, a prisoner at Alcatraz, to reverse an order of the District court which denied motions made by him to vacate two judgments and sentences of imprisonment entered against him some two years prior to the filing of the motions. The grounds of the motions were (1) that

the appellant did not commit the offenses charged against him in the indictments, to wit: two described violations of the Dyer Act, 18 U.S.C.A. §§ 2311–2313; (2) that on his arraignment he had stood mute and it was his right to have a plea of not guilty entered for him and the right was denied; (3) that he asserted and claimed the right to act as his own lawyer and to represent himself and the right was denied; (4) that the court appointed counsel who did not act competently and did not investigate or explain the charges and appellant was under the impression that anything this incompetent counsel said or did was conclusive and appellant was denied effective and competent assistance of counsel; (5) that appellant was an uneducated layman and did not fully comprehend the nature of the charges against him; (6) that appellant was deprived of his liberty without due process of law, in violation of the Constitution. Amend. 5. An affidavit purporting to be an affidavit of bias and prejudice was filed with the motion but it was insufficient on its face for want of statement of facts and certificate required by the statute, 28 U.S. C.A. § 25 [now § 144], and it was properly denied by the court. Response to the motions to vacate, supported by accompanying affidavits and brief, was filed by the district attorney and timely served upon appellant who replied to the same and a hearing having been had before the court (the same judge presided who had imposed the sentence), the court made findings of fact to the effect that the appellant entered his plea of guilty to the two indictments against him after the charges of the indictment had been stated in his presence and after competent counsel appointed by the court for him had fully explained the consequences of the plea to him; that appellant at the time he entered his pleas of guilty was fully aware of and understood the charges of the indictments against him and told the counsel appointed by the court that he did not want to be tried before a jury but wanted to enter his plea of guilty before the court.

On this appeal this court appointed counsel to represent appellant and we have a brief filed by appellant in his own behalf and a brief by the appointed counsel who has submitted points for reversal which are additional to those presented by appellant pro se.

The record of the proceedings on the motion to vacate the judgments of conviction and sentence shows conclusively that there was no merit in appellant's allegations that he had not been fully informed of the charges of the indictments against him or that the counsel appointed for him lacked competency or failed to investigate his case or to fully advise him, or that appellant had stood mute on his arraignment, or that he had had any desire or intention at the time of his arraignment to attempt to make a defense. The findings of the trial court on those points are fully supported.

But appointed counsel has made very painstaking study of the record and the authorities and he makes the contentions, citing an array of cases, that the record before us requires decision that appellant never pleaded guilty and also that appellant was denied his right to act as his own counsel and that the court was therefore without jurisdiction to enter the judgment and due process was denied.

The contentions are rested on the court reporter's transcription of her shorthand record of "all the proceedings" against appellant from the time he was brought before the court pursuant to the indictments. That record shows that when he first appeared in the court at half past 9 o'clock in the morning the court asked him if he had a "representative", and on receiving a negative reply appointed counsel to represent him. Later in the same day appellant's cases were "reached on the call of the calendar" and the prosecuting attorney, appellant and the counsel appointed for him were present before the court. There is nothing in the reporter's notes to indicate in what position they stood at the bar but from the fact that the prosecutor said "we would like to dispose of these cases" and not "we are ready for trial of the cases", it must be inferred that the court understood from attitudes of the parties or otherwise that the cases were going to be disposed of without a jury. That such was the court's understanding is further demonstrated by the fact that it called for the F.B.I. agent and asked

for his report concerning investigations of defendant, which he certainly could not have done if a jury was to be called. In the course of the agent's response to the court's inquiry he stated specifically and in detail what appellant was charged with in the indictment then before the court and also the offenses for which appellant was then serving time in the prison at Atlanta. When the agent finished, counsel appointed for defendant stated: "I have talked with this defendant and he wishes to enter a plea of guilty." The court then said to appellant, "Do you want to make a statement?" to which the appellant replied, "No, Sir." The court then said, "You have heard the charges. They are correct?", and the appellant answered, "Yes, Sir." The court then pronounced judgment separately in each of the cases. The journal entry records that pleas of guilty were entered.

It is clear from the reporter's records that the arraignment of appellant and his entering his plea of "Guilty" were not made manifest in the open court in the formal words of the established tradition of criminal procedure. Traditionally the accused has the indictment read to him or the substance of the charge stated to him, and he is called upon to plead thereto by having the interrogatory propounded to him to "How do you plead: Guilty or Not Guilty?" to which the defendant answers "Guilty" or "Not Guilty" or else he stands mute. If he stands mute the plea of Not Guilty is entered for him. Rules 10 and 11, Federal Rules of Criminal Procedure, 18 U.S.C.A. The simplicity and effectiveness of the procedure are obvious, and it ought to commend itself to all concerned.

■■■ But since the decision of the Supreme Court in Crain v. United States, 162 U.S. 625, 16 S.Ct. 952, 40 L.Ed. 1097, was overruled by that court in Garland v. Washington, 232 U.S. 642, 34 S.Ct. 456, 58 L.Ed. 772, it can no longer be said that mere failure to comply with precise ceremonial or verbal formality in respect to arraignment and entry of a plea is a denial of due process for which conviction must be set aside. If the essential requisites of clearly informing the accused and an understanding admission of the offense on his part are shown, we must hold the requirements of due process are fulfilled. On consideration of what took place in appellant's case we are convinced that when the court was told by appellant that he had no representative and the court appointed a lawyer for him the appellant accepted the services in ordinary course and when that lawyer, standing beside appellant, said for defendant "he wishes to enter a plea of guilty", there was no ambiguity or uncertainty but an unequivocal entering of a plea of guilty by the lawyer. And when the court called upon the appellant himself with the words, "You have heard the charges. They are correct?", the appellant's response, "Yes, Sir", had no fair meaning other than that he admitted the charges were true. The admission of guilt when called upon by the court to answer to the charges is all that a plea of guilty on arraignment amounts to, and when appellant was called upon and he made his answer his plea was complete. It must be held there was a plea of guilty by the defendant in person as well as by his attorney.

■■■ Nor can it be found that appellant was denied the right accorded him by 28 U.S.C.A. § 1654 to conduct his own case. Before the court called upon him for his answer to the charges against him the court gave him full opportunity to assert any right under that section by asking him if he wanted to make a statement and his answer, "No, Sir", is a complete refutation of any suggestion that he wanted to assert or carry on a defense. He had told his attorney that he did not want a trial and wanted to plead guilty, and the record convinces that that was his state of mind at the time. Stress is laid on a question the court asked appellant and the answer he made to it in the morning when he first came into court. At that time the court asked him if he had a representative and he said, "No, Sir, I haven't", and the court appointed counsel. As part of that colloquy the court asked, "You are your own lawyer?" and he answered, "Yes, Sir." But that question and answer gave the court no intimation and none was ever given at any time during the proceedings from which the court could infer that appellant wanted to

do anything in his case except to plead guilty.

We hold that he did effectively plead guilty and that the findings and conclusions of the trial court on the motions to vacate are without error.

Affirmed.