OLEN L. TREADWELL V. STATE.

No. 26,603. November 18, 1953.

No attorney for appellant of record on appeal.

*William H. Scott*, District Attorney, *King C. Haynie*, Assistant District Attorney, Houston, and *Wesley Dice*, State's Attorney, Austin, for the state.

WOODLEY, Judge.

The conviction is for a second offense of driving an automobile on a public highway while intoxicated, the punishment, one year in jail.

Two patrolmen of the city of Houston, while driving on North Main, a four lane street, observed appellant approaching them from the rear with his horn blowing. He was alone in the car he was driving and was attempting to pass cars on either side of the street.

The officers stopped appellant after he had passed them and placed him under arrest. They testified that he was intoxicated, and described his condition as follows: "He staggered and stumbled as if he couldn't control his legs." "His speech was almost to where you couldn't understand what he was saying, at times you could understand words but we had to repeat questions, and finally he pulled out his pocket book and tried to give us identification out of it, in fact he tried to give us his pocket book." . . . "His eyes were blood shot, hadn't shaved in two or

three days, his hair was mussed up, his face scratched up, I don't know what happened to him."

Each of the officers also testified that they smelled alcohol on his breath.

Appellant admitted the former conviction, but denied that he had been drinking or was intoxicated on the occasion in question here. He also offered witnesses who were with him shortly prior to his arrest, who testified that he was not drinking or drunk when they saw him.

The fact issue was properly submitted to the jury and was resolved against appellant.

The evidence sustains the conviction and the informal bills found in the record are deemed to be without merit.

We are urged to consider appellant's claimed illness and infirmity and to hold that the punishment assessed is excessive. We are not aware of any authority for such procedure.

The judgment is affirmed.