PORFIRIO GUEDEA, PLAINTIFF IN ERROR, v. STATE OF NEBRASKA, DEFENDANT IN ERROR.

77 N. W. 2d 166

Filed May 25, 1956. No. 33940.

*Richard Dittemore* and *McGinley, Lane, Powers & McGinley,* for plaintiff in error.

*Clarence S. Beck,* Attorney General, and *Homer L. Kyle,* for defendant in error.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

SIMMONS, C. J.

The plaintiff in error, hereinafter called the defendant, was charged with the unlawful operation of a motor vehicle and while so doing caused the death of one Gertrude Gaona. See § 28-403.01, R. S. Supp., 1955.

Defendant pleaded guilty. He offered evidence in mitigation of punishment. He was sentenced to serve not less than 3 nor more than 3½ years in the State Reformatory.

Thereafter he filed an application for an order reducing the sentence, claiming it was grossly excessive. The court denied the application.

The error assigned here is that the trial court abused its discretion in the sentence given and erred in denying the application for a modification of the sentence.

The evidence offered on the hearing for "mitigation of punishment" is here by case stated.

It appears that the county attorney advised the court that the violation involved the operation of a motor vehicle by defendant while under the influence of intoxicating liquor and upon the wrong side of the road. The information charged that while defendant was in the unlawful operation of a motor vehicle he caused it to "collide with a cement bridge abutment."

Defendant's evidence was that at the age of 18 years he enlisted in the U. S. Marines and served 1 year with a combat company in Korea, and that he was honorably discharged. He had never before been arrested on any charge. Friends and relatives testified to his excellent character and reputation. Defendant offered no evidence in explanation of the offense to which he pleaded guilty.

Section 28-403.01, R. S. Supp., 1955, provides for a penalty within the broad range of a fine not exceeding $500; imprisonment in the county jail not exceeding

6 months; imprisonment in the penitentiary for a period of not less than 1 year or more than 10 years; or by both such fine and imprisonment.

Section 29-2308, R. R. S. 1943, authorizes this court to reduce a sentence when in its opinion the sentence is excessive, and makes it the duty of this court to render such sentence as in its opinion may be warranted by the evidence. Obviously there is not sufficient record here upon which to base an opinion that the sentence is excessive. Neither is there a record here upon which we can determine a sentence warranted by the evidence.

In Anderson v. State, 26 Neb. 387, 41 N. W. 951, we discussed this statute and there held: "The legislature * * * to prevent the infliction of a penalty upon a party which the evidence does not warrant, has empowered this court to review the evidence in any case pending therein on error, and reduce the sentence and render such a one as is justified by the evidence; * * * the statute makes it the duty of this court, when the proper proceedings are had, to review the evidence, and prevent the imposition of punishment which the evidence will not warrant."

In Sundahl v. State, 154 Neb. 550, 48 N. W. 2d 689, we had a plea for reduction of sentence. There a similar contention was made to that which was made here. We there held that a substantial reason for the reduction of the sentence must be warranted by the evidence. No such evidence is here. In effect the argument is an appeal for mercy and consideration based on the defendant's military service, past record, and experiences. We had that situation also in Sundahl v. State, *supra,* and for reasons there given held that appeals to sympathy and mercy must be put aside in applying the statutory authority here involved.

The sentence imposed by the trial court is greater than the minimum and much less than the maximum authorized by the act defining the crime and fixing the penalty.

The rule is: "Where the punishment of an offense created by statute is left to the discretion of a court within prescribed limits, a sentence prescribed within such limits will not be disturbed unless there appears to be an abuse of such discretion." Salerno v. State, *ante* p. 99, 75 N. W. 2d 362. See, also, Hyslop v. State, 159 Neb. 802, 68 N. W. 2d 698, and cases there cited.

An abuse of discretion does not appear here.

The judgment of the trial court is affirmed.

AFFIRMED.