STATE OF NEBRASKA, APPELLEE, V. MARSHALL JAMES
NEUMAN, APPELLANT.

125 N. W. 2d 5

Filed November 15, 1963.   No. 35416.

Paul E. Galter, for appellant.

Clarence A. H. Meyer, Attorney General, and Harold Mosher, for appellee.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

BROWER, J.

The defendant Marshall James Neuman was accused of the crime of motor vehicle homicide by information filed in the district court for Douglas County, Nebraska. Being present in open court with counsel, he entered a plea of nolo contendere. Thereafter the trial court, on October 25, 1962, sentenced him to imprisonment for the term of 2 years in the State Penitentiary from which sentence he has appealed.

Defendant contends in his assignments of error that the sentence imposed by the trial court was excessive and that the court erred in not making the presentence report of the probation officer a part of the bill of exceptions.

The effect of a plea of nolo contendere is the same as a plea of guilty. State ex rel. Nebraska State Bar Assn. v. Stanosheck, 167 Neb. 192, 92 N. W. 2d 194; § 29-1819, R. R. S. 1943.

The statute with respect to motor vehicle homicide to which defendant pleaded nolo contendere, section 28-403.01, R. R. S. 1943, permits the trial court to impose a sentence in the penitentiary of from 1 to 10 years. The sentence was within those limits.

In Guedea v. State, 162 Neb. 680, 77 N. W. 2d 166, this court held: "Section 29-2308, R. R. S. 1943, authorizes this court to reduce a sentence when in its opinion the sentence is excessive, and makes it the duty of this court to render such sentence as in its opinion may be warranted by the evidence.

"The statute makes it the duty of this court, when the proper proceedings are had, to review the evidence and prevent the imposition of punishment which the evidence will not warrant.

"A substantial reason for the reduction of the sentence must be warranted by the evidence.

"Where the punishment of an offense created by statute is left to the discretion of a court within prescribed limits, a sentence prescribed within such limits will

not be disturbed unless there appears to be an abuse of such discretion."

In this case the defendant's plea of nolo contendere dispensed with the necessity of a trial of the cause in the district court. The report of the probation officer mentioned in section 29-2217, R. R. S. 1943, is to be used in those cases where it is practicable to do so. For the reasons later discussed there is no bill of exceptions containing the evidence before the court at the time of sentencing if there was any evidence received. "Where the record contains no bill of exceptions or the bill of exceptions has been quashed, no question will be considered, the determination of which necessarily involves an examination of the evidence adduced in the trial court. In such a situation, if the pleadings are sufficient to support the judgment, it will be affirmed." Lawson v. State, 154 Neb. 847, 50 N. W. 2d 99. Without a bill of exceptions before us it cannot be said the trial court erred in imposing the sentence.

With respect to the contention that the court erred in failing to make the presentence report a part of the bill of exceptions, there is nothing before us because of the complete lack of such a bill.

The defendant filed notice of appeal in the district court on October 26, 1962, the day after the sentence. It contained no request for a bill of exceptions. He paid the docketing fee required by this court in the district court on November 5, 1962. The transcript of the proceedings in the district court was thereupon prepared and certified by its clerk on November 9, 1962, and filed with the clerk of this court on November 13, 1962. All of this occurred before the time had expired in which a bill of exceptions might be requested.

On December 28, 1962, a motion and stipulation to extend brief day to March 5, 1963, were filed by the defendant. They say nothing concerning a bill of exceptions. On January 11, 1963, a purported copy of a praecipe of defendant's attorney for a bill of exceptions

was filed with this court. It has an unsigned and unauthenticated notation thereon, "Filed Nov. 23, 1962." On February 20, 1963, another motion to extend defendant's brief day from March 5, 1963, to April 5, 1963, was filed on his behalf. The affidavit of defendant's counsel in support thereof contains averments that a praecipe for a bill of exceptions was filed in district court on November 23, 1962; and that affiant had considerable correspondence and telephone calls with the clerk of the district court and the Clerk of the Supreme Court requesting information as to whether such bill of exceptions had been prepared. The affidavit states that on January 10, 1963, affiant and the Clerk of the Supreme Court were informed by telephone from the clerk of the district court for Douglas County, that a delay had been occasioned because the praecipe for bill of exceptions had been mislaid; and that a copy of the praecipe was received by the Clerk of the Supreme Court on January 11, 1963. It stated that as of the date of the affidavit affiant had received no word from the clerk of the district court as to whether or not the bill of exceptions had been prepared and the affiant was unable to complete his brief without it. The motion however merely sought to extend the time in which to file a brief. The defendant's brief was filed herein on April 3, 1963, and after briefing by the State the cause was submitted to this court for final determination on September 17, 1963. No motion to extend the time to prepare a bill of exceptions, as provided by Rule 7f, Revised Rules of the Supreme Court, was ever presented to this court. So far as the transcript herein is concerned it is not shown that a request was made for a bill of exceptions in the district court. No supplementary transcript of the proceedings in the trial court was ever presented by the defendant under Rule 4c, showing a request for a bill of exceptions had ever been filed with the trial court. This court cannot accept a date written on a copy of a purported request for a bill of exceptions

filed in this court as to its being filed or the correct date of its filing in district court in the absence of a certificate of the clerk of the trial court, showing it to be part of the record therein and to have been timely filed.

One appealing to this court cannot complain of the absence of a bill of exceptions without showing by the transcript or a supplement thereto that one was timely requested in the trial court.

Where a bill of exceptions cannot be prepared within the 2 months allowed for that purpose, an appellant who has made no request for an extention of time for its preparation cannot complain of its not being furnished at the trial of the cause on its merits long after the time in which such application should have been made.

The errors complained of cannot be sustained and the judgment of the trial court is affirmed.

AFFIRMED.