STATE OF NEBRASKA, APPELLEE, v. JOSEPH DOUGLAS MOSS, APPELLANT.

155 N. W. 2d 435

Filed January 19, 1968. No. 36672.

Charles I. Scudder, for appellant.

Clarence A. H. Meyer, Attorney General, and Harold Mosher, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

CARTER, J.

The defendant was convicted in the district court for Douglas County of the crime of shooting with intent to kill, wound, or maim. He has appealed to this court.

The complaining witness is Leslie Higgins, an entertainer. After getting off work on the early morning of December 25, 1966, he went to the Moss cafe in Omaha to pick up his girl friend who worked there. She had to work late and could not leave until 5 or 6 o'clock, a.m. While at the cafe Higgins met the defendant who attempted to sell him a pistol which Higgins did not

buy. Higgins walked from the Moss cafe to 2015 North Twenty-fourth Street, where, incidentally, defendant had a room. Defendant came to his place of residence where he joined with Higgins and Herman Williams in in a dice game. Defendant says Higgins dropped an extra dice, accidentally ·and a quarrel ensued in which defendant claimed Higgins had cheated him out of his losses. Defendant drew the pistol and demanded his money back. Higgins left and defendant followed him out of the, house and shot Higgins in the back as he walked up the street. Defendant asserts that he drew the pistol only to frighten Higgins into returning his money and that he fired into the air at the time he, shot Higgins without any intention of hitting him. A police officer arrived on the scene shortly after the shooting and disarmed the defendant. There were witnesses at the scene of the shooting whose evidence was in some respects conflicting. Defendant admitted shooting Higgins, but contends that he, had no intention of shooting him, his only intent being to frighten Higgins into paying back the money he had lost.

The evidence presented a jury question which it resolved against the defendant. The evidence was ample to sustain a conviction and defendant's motions for a directed verdict at the close of the State's evidence and at the close, of all. the evidence were properly overruled.

The defendant asserts error in the instructions, particularly instructions Nos. 7 and 8, which purport to define and explain malice and intent. We find no error in them. The defendant appears to claim that the instructions were erroneous in that they failed to inform the jury of the effect of an accidental shooting. But the instructions are replete with statements that the jury must find that defendant shot the prosecuting witness with intent to kill, wound, or maim. The jury was told in paragraph numbered 3 in instruction No. 6: "That the defendant so shot Leslie Higgins with either the intent to kill, or the intent to wound, or the intent to maim

Leslie Higgins." It was made abundantly clear that the shooting must have been with the intent to kill, wound, or maim, which excludes the idea of an accidental shooting, in order for the jury to find the defendant guilty. The contention has no merit.

Defendant argues that the circumstantial evidence was not sufficient to establish the corpus delecti of the crime. In his argument, the defendant overlooks the fact that the defendant admitted that he shot the prosecuting witness, which admission was testified to by the State's witnesses. Under such circumstances little corroborative evidence is required to establish the corpus delicti of the crime. The corroboration was ample. Sullivan v. State, 58 Neb. 796, 79 N. W. 721; Kirkendall v. State, 152 Neb. 691, 42 N. W. 2d 374.

An examination of all the instructions and giving consideration to them as a whole, as we are required to do, shows that the case was fairly submitted to the jury and that no error prejudicial to the defendant appears therein. State v. Brown, 174 Neb. 393, 118 N. W. 2d 332.

Defendant contends that the sentence of 15 years' imprisonment is excessive. It is a general rule that where punishment of an offense created by statute is left to the discretion of a court, to be exercised within certain prescribed limits, a sentence imposed within such limits will not be disturbed unless there appears to be an abuse of discretion. Guedea v. State, 162 Neb. 680, 77 N. W. 2d 166. A review of the facts before the court at the time of sentence is important in determining if the court abused its discretion. The facts of the case in which the sentence is being imposed is, of course, before the court. Here the defendant, after engaging in a quarrel with the prosecuting witness, followed him out of a house and shot him in the back as he walked up the street. It is just as likely that defendant failed to kill the prosecuting witness because of poor marksmanship as it was that he hit him at all by accidental, poor shooting. The jury, at least, found that the shoot-

ing was intentional. The court at the time of sentence had information that defendant had previously been convicted of murder and sentenced to life imprisonment resulting from a stabbing episode. From this imprisonment, defendant had been paroled in 1961. The record shows that the trial court took the previous conviction into consideration in fixing the sentence, as it had a right to do. Under all the circumstances, we cannot say that the trial court abused its judicial discretion in imposing a sentence of 15 years.

In his reply brief, defendant for the first time raises two new issues. He first asserts that defendant was denied a preliminary hearing. He then alleges that he was denied effective counsel. Neither of these contentions are assigned as error and for that reason alone cannot be considered on this appeal. It is fundamental that a claim that a defendant was not accorded a preliminary hearing, nor waived it, is determinable by plea in abatement. Gammel v. State, 101 Neb. 532, 163 N. W. 854; Cramer v. State, 145 Neb. 88, 15 N. W. 2d 323. A plea of not guilty ordinarily waives all matters which might have been raised by motion to quash or plea in abatement. Huette v. State, 87 Neb. 798, 128 N. W. 519; Lindley v. State, 117 Neb. 597, 221 N. W. 706; Shaffer v. State, 123 Neb. 121, 242 N. W. 364. The sufficiency of the preliminary hearing was no longer a questionable issue after defendant entered his plea of not guilty in the district court. It is asserted that defendant's counsel failed to make such an investigation of the facts as to enable him to properly cross-examine the witnesses or to know how best to bring out the facts most helpful to defendant. It is pointed out as an example that defendant's counsel did not bring out whether or not the bullet entered Higgins' body directly from the gun or if it ricocheted off the pavement. The bullet was not received in evidence on defendant's objection to foundation. We have found nothing in the record before us to justify the charge that defendant's counsel was

ineffective unless the failure of the jury to acquit may afford the basis of such a charge, which it does not. There is nothing to indicate that counsel's assistance was so grossly inept as to shock the conscience of the court. State v. Putnam, *ante* p. 185, 153 N. W. 2d 456. Even if the claim of ineffective counsel was before us, there is nothing in the record before us, that supports it.

We have examined the instructions, the evidence, and the sentence, and we, find all to be free of prejudicial error. The, judgment is affirmed.

AFFIRMED.