**Joe Frank OCKER, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 43306.**

Court of Criminal Appeals of Texas.

March 8, 1972.

W. C. Shead, Houston (Court appointed on appeal), Ruth Jackson Blake, Houston (on appeal), for appellant.

Carol S. Vance, Dist. Atty., Joe S. Moss and J. Robert Musslewhite, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION ON APPELLANT'S
MOTION FOR REHEARING

ROBERTS, Judge.

Our original opinion is withdrawn and the following is substituted in lieu thereof.

This is an appeal from a conviction for rape of an eleven year old girl; the punishment was assessed by a jury at death.

On motion for rehearing, appellant contends that his constitutional rights were violated by the trial court's improper exclusion of prospective jurors who had expressed religious or conscientious scruples against the infliction of the death penalty. Reliance is had on Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776, and Marion v. Beto, 434 F.2d 29 (5th Cir.).

In Witherspoon, supra, the Supreme Court of the United States said:

"Specifically, we hold that a sentence of death cannot be carried out if the jury that imposed or recommended it was chosen by excluding veniremen for cause simply because they voiced general objections to the death penalty or expressed conscientious or religious scruples against its infliction. No defendant can constitutionally be put to death at the hands of a tribunal so selected."

As to the matter of voir dire examination of veniremen, the court in footnote 9

of Witherspoon said in part: "Unless a venireman states unambiguously that he would not automatically vote against the imposition of capital punishment no matter what the trial might reveal, it simply cannot be assumed that that is his position."

This case was tried prior to the date of the Witherspoon opinion and without the benefit of that decision. Nevertheless, the Witherspoon decision must be applied retroactively. Grider v. State, 468 S.W.2d 393 (Tex.Cr.App.1971); Harris v. State, 457 S.W.2d 903 (Tex.Cr.App.1970); Pittman v. State, 434 S.W.2d 352 (Tex.Cr.App.1968).

An examination of the voir dire of the veniremen shows that at least six of them were challenged for cause and excused by the court on the basis of their statement of general objections to the death penalty. The testimony of venireman Henderson is probably typical of these challenges. The questions and answers are as follows:

"Q Do you have any conscientious scruples against the infliction of death as a punishment for crime in a proper case?

"A Yes. I do. I do not approve of it.

"Q Are you telling me that you do not believe in capital punishment?

"A That's right."

The other five veniremen whose answers were similar in regard to the death penalty were Syzdek, Simms, Ullrich, Ewing, and Wilson. All were excused by the court.

Under these circumstances, it is clear that we are called upon to reverse this conviction.

In Marion v. Beto, supra, the court held that the improper dismissal of only one juror did not comply with Witherspoon. However, under the circumstances of this case it is not necessary for this Court to determine whether or not the rule laid down in Marion, supra, be applied to this case and we do not so decide.

We note that the State has filed a motion in this Court requesting permission to withdraw its notice of intent to seek the death penalty and moving this Court to assess the punishment in this cause at imprisonment for life. The State has cited numerous cases from other jurisdictions in which appellate courts have reduced the punishment assessed by the trial court.[1] We have examined those cases cited by the State, and have concluded that they have no application to the case at bar. In those cases, the court either followed a rule of that particular jurisdiction which permitted modification of the lower court sentence, or acted pursuant to a statute specifically authorizing the appellate court to modify sentences.

We are also aware of the solution found by the Supreme Court of New Jersey in cases such as this. In that State, if the prosecutor agrees to waive the death penalty after the punishment has been assessed, but while the case is on appeal, the Supreme Court may modify the sentence and assess punishment at imprisonment for life. State v. Conyers, 58 N.J. 123, 275 A.2d 721 (1971); State v. Royster, 57 N.J. 472, 273 A.2d 574 (1971); State v. Laws, 51 N.J. 494, 242 A.2d 333 (1968) cert. denied, 393 U.S. 971, 89 S.Ct. 408, 21 L.Ed.2d 384 (1968).[2] We do

[1]. State v. Fenton, 86 Ariz. 111, 341 P.2d 237 (1959); Pitts v. State, 324 P.2d 546 (Okla.Cr.App.1958); Guedea v. State, 162 Neb. 680, 77 N.W.2d 166 (1956); State v. Constanzo, 76 Idaho 19, 276 P.2d 959 (1954); People v. Weil, 282 App.Div. 981, 125 N.Y.S.2d 503 (1953); Commonwealth v. Hawk, 328 Pa. 417, 196 A. 5 (1938); Montalto v. State, 51 Ohio App. 6, 199 N.E. 198 (1935); State v. Kendall, 200 Iowa 483, 203 N.W. 806 (1925).

[2]. In State v. Conyers, supra, the court found no error in the imposition of the death penalty, but felt that the sentence was not warranted in light of the evidence adduced at trial. In State v. Royster, supra, and State v. Laws, supra, the imposition of the death penalty was erroneous, but the conviction itself was held to be proper.

not feel that the New Jersey solution is permissible under our law.

■ This Court has long held that it may not reduce the punishment assessed by the jury. E. g., Johnson v. State, 447 S.W.2d 927 (Tex.Cr.App.1969); Darden v. State, 430 S.W.2d 494 (Tex.Cr.App.1968); Broadway v. State, 418 S.W.2d 679 (Tex.Cr.App. 1967); Ellison v. State, 419 S.W.2d 849 (Tex.Cr.App.1967); Mason v. State, 375 S.W.2d 916 (Tex.Cr.App.1964); McGruder v. State, 377 S.W.2d 191 (Tex.Cr.App. 1964); Hunt v. State, 167 Tex.Cr.R. 51, 317 S.W.2d 743 (1958); Garcia v. State, 166 Tex.Cr.R. 482, 316 S.W.2d 734 (1958); Bell v. State, 166 Tex.Cr.R. 340, 313 S.W.2d 606 (1958); Suit v. State, 161 Tex.Cr.R. 22, 274 S.W.2d 701 (1955); Treadwell v. State, 159 Tex.Cr.R. 182, 262 S.W.2d 201 (1953); Pineda v. State, 157 Tex.Cr.R. 609, 252 S.W.2d 177 (1952); Knight v. State, 148 Tex.Cr.R. 236, 186 S.W.2d 350 (1945); Brown v. State, 16 Tex. 122 (1856).[3]

■ This Court may reform a sentence so as to conform to the judgment [4] and may reform a judgment to conform to the verdict of the jury.[5] However, except where the penalty is absolutely fixed by law [6] or where the sentence fails to apply the indeterminate sentence law (Art. 42.09, Vernon's Ann.C.C.P.),[7] this Court may not pass sentence.

We feel that our situation differs from that of New Jersey. In New Jersey, the punishment for murder in the first degree (the offense in the cases cited) is either death or life imprisonment, depending upon the verdict of the jury. N.J.S.A. 2A:113-4. If the jury chooses to recommend life imprisonment, there is no other punishment which may be assessed. Therefore, if a defect pertains to only the imposition of the death penalty, the appellate court, in reducing the sentence, is not performing a function which is properly reserved for the jury. In the present case, however, the jury was not faced with a choice between one of only two alternatives. Art. 1189, Vernon's Ann.P.C. provides: "A person guilty of rape shall be punished by death or by confinement in the penitentiary for life, or for any term of years not less than five." Thus, unlike New Jersey, the alternative punishment is not fixed by law, but encompasses a wide range. If this Court were to reduce the sentence to life imprisonment, we would be assessing punishment as we saw fit, not as required by law. We would be performing a function which properly belongs to the jury. If our statutes provided for a fixed punishment in lieu of the death penalty, the situation would be closely akin to the cases in which the punishment is absolutely fixed, and in which this Court has assessed punishment.

Also, unlike states which have statutory power to modify judgments, our statute provides: "The Court of Criminal Appeals may

---

3. *But see* Gipson v. State, 144 Tex.Cr.R. 216, 161 S.W.2d 1088, where this Court implied in dictum that it might have the power to reduce a sentence.

4. e. g., Vasquez v. State, 477 S.W.2d 629 (No. 44,275, delivered February 16, 1972); Miller v. State, 427 S.W.2d 892 (Tex.Cr.App.1968); Fail v. State, 362 S.W.2d 862 (Tex.Cr.App.1962); Ex parte Brown, 145 Tex.Cr.R. 39, 165 S.W.2d 718 (1942).

5. Vasquez v. State, 477 S.W.2d 629 (No. 44,275, delivered February 16, 1972); Golden v. State, 434 S.W.2d 870 (Tex.Cr. App.1968); Brim v. State, 379 S.W.2d 664 (Tex.Cr.App.1964); Ex parte Brown,

145 Tex.Cr.R. 39, 165 S.W.2d 718 (1942); Kuhn v. State, 142 Tex.Cr.R. 40, 151 S. W.2d 208 (1941); Evans v. State, 141 Tex.Cr.R. 241, 147 S.W.2d 794 (1941).

6. Vasquez v. State, 477 S.W.2d 629 (No. 44,275, delivered February 16, 1972); e. g., Abel v. State, 395 S.W.2d 641 (Tex. Cr.App.1965) cert. denied, 386 U.S. 928, 87 S.Ct. 871, 17 L.Ed.2d 800; Stevenson v. State, 395 S.W.2d 626 (Tex.Cr.App. 1965).

7. e. g., Asay v. State, 456 S.W.2d 903 (Tex.Cr.App.1970); Bell v. State, 434 S.W.2d 684 (Tex.Cr.App.1968); see Art. 44.24, V.A.C.C.P.

affirm the judgment of the court below, or may reverse and remand for a new trial, or may reverse and dismiss the case, or may reform and correct the judgment, as the law and nature of the case may require." Art. 44.24, V.A.C.C.P. Thus, the statute does not provide for modification of punishment, nor do we feel that it may be inferred. In that the statute provides for reformation and correction, we feel that we are limited to those powers. (Art. 5, § 5 of the Texas Constitution, Vernon's Ann.St. restricts the jurisdiction of this Court to the extent provided by statute.)

We also feel that we may not remand this case for assessment of punishment only. Art. 37.07(3) (c) provides, "In the event the jury shall fail to agree, a mistrial shall be declared, the jury shall be discharged, and no jeopardy shall attach." If the punishment was erroneously imposed, then the case stands in the same position as if the jury had failed to reach a verdict. While this Court may remand for assessment of punishment where the punishment was originally set by the court,[8] we may not do so where the original punishment was set by the jury.[9]

While the power to reduce or modify sentences may be desirable, *see* American Bar Assn. Project on Minimum Standards for Criminal Justice, Standards Relating to Appellate Review of Sentences, Approved Draft 1968, we do not feel that we are able, or should effect such a procedure without legislative approval.

Appellant's motion for rehearing is granted. The judgment of affirmance is set aside and the judgment is reversed and the cause is remanded.

[8] Miller v. State, 472 S.W.2d 269 (Tex.Cr. App.1971); Brumfield v. State, 445 S.W. 2d 732, 740 (Tex.Cr.App.1969); Wheat v. State, 442 S.W.2d 363 (Tex.Cr.App. 1969); Baker v. State, 437 S.W.2d 825 (Tex.Cr.App.1969); Johnson v. State, 436 S.W.2d 906 (Tex.Cr.App.1968).

[9] Ellison v. State, 432 S.W.2d 955 (Tex. Cr.App.1968).