STATE OF NEBRASKA, APPELLEE, V. PAUL W. JONES, APPELLANT.

355 N.W.2d 227

Filed September 21, 1984.    No. 84-290.

James P. Miller and Owen A. Giles, for appellant.

Paul L. Douglas, Attorney General, and Lynne R. Fritz, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

KRIVOSHA, C.J.

The appellant, Paul W. Jones, appeals from the judgment of the district court for Sarpy County, Nebraska, finding him guilty of criminal mischief in excess of $300 in violation of Neb.

Rev. Stat. § 28-519(2) (Reissue 1979). We have now reviewed the record and find that the claim of error is without merit, and accordingly affirm the judgment and sentence imposed by the trial court.

On January 20, 1984, Jones, having been previously charged with the crime described above, accompanied by counsel, was arraigned before the trial court and entered a plea of not guilty. At a subsequent hearing held on March 23, 1984, Jones requested permission to withdraw his plea of not guilty and, pursuant to a plea agreement reached with the county attorney's office, to enter a plea of guilty to the crime charged. Jones now maintains that because he did not specifically say "I plead guilty," the trial court committed error in adjudging him guilty and imposing a sentence.

The record of the proceedings does not, however, support that position. To begin with, after entering a plea of not guilty, Jones, through his counsel, advised the court that he wished to again appear before the court, withdraw his plea of not guilty, and enter a plea of guilty. At the hearing held on March 23, 1984, the following colloquy between the court and Jones occurred:

THE COURT: . . . Mr. Jones, you previously entered a plea of not guilty to the Information. You wish to change that plea?

PAUL W. JONES: Yes, sir.

THE COURT: Is this done freely and voluntarily?

PAUL W. JONES: Yes, sir.

The county attorney then set out the factual basis to support the plea, and Jones confirmed the facts as recited. Jones objected to some evidence with regard to certain property, but admitted to sufficient facts to support a finding of guilty. Thereafter, the following conversation between the parties occurred:

THE COURT: . . . If you're dissatisfied with the Court's sentence, you may appeal this; however, it is not a ground for withdrawing your plea of guilty if this is accepted. Do you still wish to plead guilty?

PAUL W. JONES: Yes, sir.

THE COURT: The Court finds that the defendant understands the charge, the penalties, his constitutional

rights, the consequences of pleading guilty, and that the guilty plea is given voluntarily, freely, intelligently, and with advice of counsel. The plea is accepted and the defendant is adjudged guilty as charged.

No objections were made by either Jones or his attorney.

Jones now argues that because he never said "I plead guilty," the trial court erred in sentencing him. While Jones makes the argument, he cites us to no authority to support that position. And, in fact, the authorities seem clearly to the contrary. Neb. Rev. Stat. § 29-1819 (Reissue 1979) provides in part that if the accused offers no plea in bar, "he shall plead guilty, not guilty, or nolo contendere." It has long been recognized in this jurisdiction, as in most other jurisdictions, that a plea of nolo contendere, for certain purposes relevant here, is the same as a plea of guilty. See *State v. Neuman*, 175 Neb. 832, 125 N.W.2d 5 (1963). It therefore should be clear to everyone that by advising the court that he wished to withdraw his plea of not guilty, he must of necessity desire to either enter a plea of guilty or nolo contendere, there being no other possible pleas available. Furthermore, Jones admits in his brief that "everyone present when Appellant was adjudged guilty knew the nature and purpose of the proceedings." Brief for Appellant at 3. Still, he maintains that the magic words were not spoken by the defendant himself.

In the case of *Mayes v. United States*, 177 F.2d 505 (8th Cir. 1949), the U.S. Court of Appeals for the Eighth Circuit rejected an argument very similar to that now presented to us by Jones. The record of the arraignment in *Mayes* discloses that Mayes' attorney informed the court that Mayes wished to enter a plea of guilty. The court then inquired of Mayes whether he had heard the charges and whether they were correct. He answered affirmatively. In rejecting the contention that he had never actually entered a guilty plea, the *Mayes* court reasoned as follows:

It is clear from the reporter's records that the arraignment of appellant and his entering his plea of "Guilty" were not made manifest in the open court in the formal words of the established tradition of criminal procedure. Traditionally the accused has the indictment

read to him or the substance of the charge stated to him, and he is called upon to plead thereto by having the interrogatory propounded to him to "How do you plead: Guilty or Not Guilty?" to which the defendant answers "Guilty" or "Not Guilty" or else he stands mute. . . .

But since the decision of the Supreme Court in Crain v. United States, 162 U.S. 625, 16 S. Ct. 952, 40 L. Ed. 1097, was overruled by that court in Garland v. Washington, 232 U.S. 642, 34 S. Ct. 456, 58 L. Ed. 772, it can no longer be said that mere failure to comply with precise ceremonial or verbal formality in respect to arraignment and entry of a plea is a denial of due process for which conviction must be set aside. If the essential requisites of clearly informing the accused and an understanding admission of the offense on his part are shown, we must hold the requirements of due process are fulfilled.

177 F.2d at 507.

The court in *Mayes* further observed:

And when the court called upon the appellant himself with the words, "You have heard the charges. They are correct?", the appellant's response, "Yes, Sir", had no fair meaning other than that he admitted the charges were true. The admission of guilt when called upon by the court to answer to the charges is all that a plea of guilty on arraignment amounts to, and when appellant was called upon and he made his answer his plea was complete. It must be held there was a plea of guilty by the defendant in person as well as by his attorney.

*Id.*

To the same extent, when the trial court, after engaging in conversation with Jones about the facts of the case, inquired whether he still wished to plead guilty and Jones said he did, all of the requirements of due process were satisfied. To be sure, the better practice is to ask the defendant, "How do you wish to plead?" and to have the defendant specifically say "I plead guilty." An arraignment, however, is not a game of "Simon Says," and the failure to specifically parrot the words does not entitle the defendant to relief on appeal on the basis that he did not freely, knowingly, and voluntarily enter a plea of guilty to

the charge. Unlike the requirements to establish the negotiability of commercial paper, there are no magic words necessary to satisfy the due process requirements regarding a defendant entering a plea of guilty freely, knowingly, and voluntarily.

This, indeed, is the message of the U.S. Supreme Court in *Garland v. Washington*, 232 U.S. 642, 645, 34 S. Ct. 456, 58 L. Ed. 772 (1914), where the Court said:

> Due process of law, this court has held, does not require the State to adopt any particular form of procedure, so long as it appears that the accused has had sufficient notice of the accusation and an adequate opportunity to defend himself in the prosecution. *Rogers v. Peck*, 199 U.S. 425, 435, and previous cases in this court there cited.

The judgment and sentence of the trial court are therefore affirmed.

AFFIRMED.