NO. 07-10-0176-CR

 IN THE COURT OF APPEALS

 FOR THE SEVENTH DISTRICT OF TEXAS

 AT AMARILLO

 PANEL C

 DECEMBER 16, 2010

 JOYCE MARIE ACEY, APPELLANT

 v.

 THE STATE OF TEXAS, APPELLEE

 FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;

 NO. 60,869-D; HONORABLE DON EMERSON, JUDGE

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

 MEMORANDUM OPINION

 Appellant, Joyce Marie Acey, pled guilty in open court to the
offense of unauthorized use of a motor vehicle[1] and was sentenced to
12 months confinement. In presenting her appeal, counsel has filed an
Anders[2] brief in support of a motion to withdraw. We grant
counsel's motion and affirm.

 In support of his motion to withdraw, counsel certifies he has
conducted a conscientious examination of the record and, in his
opinion, the record reflects no potentially plausible basis to support
an appeal. Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396,
18 L.Ed.2d 493 (1967); In re Schulman, 252 S.W.3d 403, 406
(Tex.Crim.App. 2008). Counsel candidly discusses why, under the
controlling authorities, the appeal is frivolous. See High v. State,
573 S.W.2d 807, 813 (Tex.Crim.App. 1978). Counsel has also
demonstrated that he has complied with the requirements of Anders and
In re Schulman by (1) providing a copy of the brief to Appellant, (2)
notifying her of her right to file a pro se response if she desired to
do so, and (3) informing her of her right to file a pro se petition
for discretionary review. In re Schulman, 252 S.W.3d at 408.[3]
Appellant's pro se response does not raise any legal issues but
reasserts her plea made to the trial court at the punishment hearing
and asks for community supervision.[4] The State has not filed any
response.

 We have reviewed counsel's arguments and we have independently
examined the entire record to determine whether there are any non-
frivolous issues which might support the appeal. See Penson v. Ohio,
488 U.S. 75, 80, 109 S.Ct. 346, 102 S.Ct. 346, 102 L.Ed.2d 300 (1988);
In re Schulman, 252 S.W.3d at 409; Stafford v. State, 813 S.W.2d 503,
511 (Tex.Crim.App. 1991). We have found no such issues. See Gainous
v. State, 436 S.W.2d 137, 138 (Tex.Crim.App. 1969). After reviewing
the record, counsel's brief, and Appellant's pro se response, we agree
with counsel that there are no plausible grounds for appeal.

 Accordingly, counsel's motion to withdraw is granted and the
trial court's judgment is affirmed.

 Patrick A. Pirtle
 Justice
Do not publish.
-----------------------
[1]See Tex. Penal Code Ann. § 31.07 (West 2003). An offense under
this section is a state jail felony punishable by confinement in a
state jail for any term of not more than two years or less than 180
days. Id. at § 12.35(a) (West ___).

[2]Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493
(1967).

[3]Notwithstanding that Appellant was informed of her right to file a
pro se petition for discretionary review upon execution of the Trial
Court's Certification of Defendant's Right of Appeal, counsel must
comply with Rule 48.4 of the Texas Rules of Appellate Procedure which
provides that counsel shall within five days after this opinion is
handed down, send Appellant a copy of the opinion and judgment
together with notification of her right to file a pro se petition for
discretionary review. Tex. R. App. P. 48.4. See In re Schulman, 252
S.W.2d at 408 n.22 & 411 n.35.

[4]We are without authority to reform Appellant's sentence to
community supervision. Ex parte Hernandez, 698 S.W.2d 670, 670
(Tex.Crim.App. 1985) (citing Ocker v. State, 477 S.W.2d 288, 290
(Tex.Crim.App. 1972)); Gunther v. State, 764 S.W.2d 903, 906 (Tex.App.-
-Corpus Christi 1989, no pet.). See Tex. R. App. P. 21.9.